NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021[*]
Decided November 24, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-1473

| | |
|---|---|
| PETER GAKUBA,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 19-cv-01273-NJR |
| LARRY HENDERSON, et al.,<br>    *Defendants-Appellees*. | Nancy J. Rosenstengel,<br>*Chief Judge*. |

**O R D E R**

   While incarcerated at the Vienna Correctional Center in southern Illinois, Peter Gakuba sued multiple prisons and their staffs for a host of alleged violations of his constitutional and statutory rights. Upon screening the complaint, the district court severed the one lawsuit into several. This one concerns Gakuba's claim that officials and staff members at Vienna failed to accommodate his self-reported seafood allergy. The

---

[*] After examining the briefs and record, we unanimously agree that oral argument would not substantially aid the court. FED. R. APP. P. 34(a)(2).

district court denied Gakuba's motion for a preliminary injunction barring the defendants from serving him fish, and Gakuba filed this interlocutory appeal. One month later, Gakuba was let out of prison on supervised release. Shortly thereafter, the district court granted the defendants' motion for summary judgment on the issue of failure to exhaust administrative remedies and entered final judgment. Because of his release and the resolution of his case, Gakuba's appeal is moot, and so we do not reach the merits of his arguments. *See Chafin v. Chafin*, 568 U.S. 165, 171–72 (2013).

First, Gakuba's release from prison renders his claim for injunctive relief moot. *See Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008). When Gakuba was released, the defendants stopped providing his food. The threat he sought to enjoin no longer exists. *See Loertscher v. Anderson*, 893 F.3d 386, 392–93 (7th Cir. 2018). Gakuba argues that, because he is still on parole, he could be reincarcerated. But that is too speculative an injury to sustain a live controversy; we will not presume that Gakuba will disobey his conditions of release or engage in unlawful conduct. *Id. See also Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009).

Second, Gakuba appeals a denial of a preliminary injunction, but the district court has now entered a final judgment resolving the entire case. Because a preliminary injunction lasts at the latest until a final judgment, there is no relief we could provide for even an erroneous denial, and so the appeal is moot. *See Auto Driveaway Franchise Sys. LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674–75 (7th Cir. 2019). Whether the district court should have entered a preliminary injunction could be raised in an appeal from the final decision, *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010), although we note that Gakuba has not yet filed a notice of appeal.

DISMISSED